UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ST. SAUVER, CDCR #BA-5720,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>BYRD-HUNT, Correctional Officer; DANIEL PARAMO, Warden,<br><br>　　　　　　　　　　　Defendants. | Case No.:  3:20-cv-0584-JAH-MDD<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 3]**<br><br>**2) DISMISSING DEFENDANT PARAMO PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b); and**<br><br>**3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON DEFENDANT BYRD-HUNT PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

Kenneth St. Sauver ("Plaintiff"), currently incarcerated at Salinas Valley State Prison ("SVSP") located in Soledad, California, and proceeding pro se, has filed this civil rights action pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1 at 1. Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) at the time of filing; instead, he later filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 3).  Plaintiff alleges his First and Eighth Amendment rights were violated when he was previously housed at the Richard. J. Donovan Correctional Facility ("RJD") in 2018.  (*See* Compl. at 1.)

## I.     Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his IFP Motion, Plaintiff has submitted a copy of his CDCR Inmate Statement Report as well as a Prison Certificate completed by an accounting officer at SVSP. *See* ECF No. 3 at 2-5; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show that Plaintiff has carried an average monthly balance of $40.21 and has had $58.16 in average monthly deposits credited to his account over the 6-month period immediately preceding the filing of his Complaint; but he had no available money on the books at the time of filing. *See* ECF No. 3 at 2-3.

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 3) and assesses his initial partial filing fee to be $11.63 pursuant to 28 U.S.C. § 1915(b)(1). The Court will direct the Secretary of the CDCR, or his designee, to collect the initial $11.63 filing fee assessed only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

**II.     Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

   A.     <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir.

3

3:20-cv-0584-JAH-MDD

1    2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that
2    the targets of frivolous or malicious suits need not bear the expense of responding.'"
3    *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford*
4    *Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

5    "The standard for determining whether a plaintiff has failed to state a claim upon
6    which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of
7    Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668
8    F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th
9    Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard
10   applied in the context of failure to state a claim under Federal Rule of Civil Procedure
11   12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter,
12   accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,
13   556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

14   Detailed factual allegations are not required, but "[t]hreadbare recitals of the
15   elements of a cause of action, supported by mere conclusory statements, do not suffice."
16   *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for
17   relief [is] . . . a context-specific task that requires the reviewing court to draw on its
18   judicial experience and common sense." *Id.* The "mere possibility of misconduct" or
19   "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting
20   this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969
21   (9th Cir. 2009).

22   B.   42 U.S.C. § 1983

23   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
24   elements: (1) that a right secured by the Constitution or laws of the United States was
25   violated, and (2) that the alleged violation was committed by a person acting under the
26   color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030,
27   1035-36 (9th Cir. 2015).
28   / / /

C. Improper Defendant

Plaintiff identifies Daniel Paramo, RJD's former Warden, as a Defendant alleging that Paramo has "fiduciary duties as custodian of my person and to keep and uphold constitutional laws." (Compl. at 2.) However, Plaintiff fails to include any "further factual enhancement" to show how, or to what extent, Paramo may be held liable for any constitutional injury. *See Iqbal,* 556 U.S. at 676-77; *Jones v. Comm'ty Redev. Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim).

Plaintiff makes general allegations against Paramo but does not identify any knowledge of the part of Paramo regarding Plaintiff's claims. However, "vicarious liability is inapplicable to … § 1983 suits, [and] a plaintiff must plead that each Government-official defendant, through [his] own individual actions, has violated the Constitution," in order to plead a plausible claim for relief. *Iqbal*, 556 U.S. at 676; *see also Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (supervisor may be held liable under Section 1983 only if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation") (citations and internal quotation marks omitted).

For these reasons, the Court dismisses Defendant Paramo as a party to this action sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii) and 28 U.S.C. § 1915A(b)(1), (2); *Lopez*, 203 F.3d at 1126-27; *Wilhelm*, 680 F.3d at 1121.

D. Defendant Byrd-Hunt

As to Plaintiff's allegations against Byrd-Hunt however, the Court finds his Complaint contains plausible First Amendment retaliation and Eighth Amendment claims sufficient to survive the "low threshold" set to withstand the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the

Eighth Amendment); *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (*per curiam*) (for claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good faith effort to maintain or restore, or maliciously and sadistically to cause harm") (citing *Hudson*, 503 U.S. at 7) (internal quotation marks omitted); *Wilhelm,* 680 F.3d at 1123; see also *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013) (prison officials have a duty under the Eighth Amendment "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners") (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)); *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (an officer's failure to intervene and protect can violate a prisoner's Eighth Amendment rights); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.").

      Therefore, the Court will order the U.S. Marshal to effect service upon Defendant Byrd-Hunt on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").[2]

///
///

---

[2] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

### III. Conclusion and Orders

Based on the foregoing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 3).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Defendant Paramo as a party to this matter based on Plaintiff's failure to state a claim against him pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

5. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Byrd-Hunt, and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for this Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint (ECF No. 1), and the summons so that he may serve Byrd-Hunt. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285 as completely and accurately as possible, *include an address where Byrd-Hunt may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1c., and return it to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

6. **ORDERS** the U.S. Marshal to serve a copy of the Complaint (ECF No. 1), and summons upon Byrd-Hunt as directed by Plaintiff on the USM Form 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C.

§ 1915(d); Fed. R. Civ. P. 4(c)(3).

7.     **ORDERS** Defendant Byrd-Hunt, once he has been served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

8.     **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendant Byrd-Hunt, or if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendant or his counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendant, or his counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated: April 29, 2020

Hon. John A. Houston
United States District Judge